UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID A. PUSKALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KOSS CORPORATION, MICHAEL J. KOSS, and SUJATA ("Sue") SACHDEVA,<br><br>Defendants. | No. 10-cv-00041-LA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID A. PUSKALA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Proposed lead plaintiff David A. Puskala ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for appointment as lead plaintiff and approval of his selection of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of a class (the "Class") of all purchasers of the common stock of Koss Corporation ("Koss" or the "Company") between July 12, 2005 and December 21, 2009, inclusive (the "Class Period"), against Koss and certain of its executive officers and/or directors, for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

Koss Corporation markets a complete line of high-fidelity stereophones, speaker-phones, computer headsets, telecommunications headsets, active noise canceling stereophones, wireless stereophones and compact disc recordings of American Symphony Orchestras on the Koss Classics label.

1

Plaintiff alleges that throughout the Class Period, defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) defendant Sujata "Sue" Sachdeva ("Sachdeva"), the Principal Accounting Officer of the Company as well as its Vice President of Finance and Secretary, and certain employees of the Company had devised and carried out a scheme to defraud investors and divert Company funds potentially exceeding $31 million; (2) the Company's financial statements and corporate bank account balances had been manipulated to conceal the diversion of corporate funds; (3) as a result, the Company's financial results were overstated during the Class Period; (4) the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (5) the Company lacked adequate internal and financial controls; and (6), as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On December 21, 2009, the Company shocked investors when it announced that NASDAQ had halted trading of Koss stock at the Company's request after information was discovered regarding certain unauthorized transactions at the Company. Moreover, the Company announced that the Board of Directors had appointed a special committee of independent directors to lead an internal investigation involving the unauthorized transactions and to determine the effect on Koss' financial statements. Additionally, Koss announced that Sachdeva had been placed on unpaid administrative leave pending the results of the investigation.

Thereafter, the federal government filed a criminal complaint against Sachdeva alleging wire fraud in connection with her alleged use of Company money to pay her personal credit card charges

for jewelry, high-end women's clothing and household items.  According to the government's complaint, during the previous two years Sachdeva embezzled more than $4.5 million from the Company and used the money to pay for shopping sprees at upscale stores.

With trading in the Company's stock halted, investors in Koss securities were stuck holding their illiquid investments as the Company slowly began revealing the details of an unimaginable shopping spree – spanning more than four years and exceeding $31 million – allegedly done at the shareholders' expense.

On December 24, 2009, the Company announced that the scope of the Company's internal investigation had been expanded to include fiscal years since 2006 and the Company preliminary estimated that the amount of unauthorized transactions may have exceeded $20 million. Further, the Company disclosed that following the discovery of unauthorized financial transactions, Sachdeva had been terminated and two members of the Company's accounting staff who served under her had been placed on unpaid administrative leave.

On January 4, 2010, the Company announced that its internal investigation had been expanded to include the fiscal year 2005 and preliminary estimated that the amount of the transactions since then had exceeded $31 million.  Koss further announced that it had dismissed Grant Thornton LLP as its independent auditors and that its previously issued financial statements for the fiscal years ended June 30, 2005 through 2009 and the three months ended September 30, 2009, should no longer be relied upon due to the unauthorized financial transactions.

On January 11, 2009, Koss announced the preliminary and unaudited estimates of the unauthorized transactions by Sachdeva from the fiscal year 2005 through the present and indicated that some unauthorized transactions occurred prior to fiscal year 2005.

That same day, Koss's stock was scheduled to resume after being halted approximately three weeks earlier on December 21, 2009, at $5.51 per share. When trading in Koss's stock finally resumed, shares of the Company's stock declined $1.32 per share, approximately 24%, to close on January 11, 2010, at $4.19 per share, on unusually heavy volume.

## II.  PROCEDURAL HISTORY

Plaintiff David A. Puskala, the Movant herein, commenced this action on January 15, 2010. On that day, counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Shpetim Ademi In Support of Motion of David A. Puskala For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Ademi Declaration") at Exhibit A.

Movant brings the instant motion pursuant to his complaint and published notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the January 15, 2010 notice.

## III.  ARGUMENT

### A.  David A. Puskala Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in

- 4 -

the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 44 (S.D.N.Y. 1998); s*ee also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, David A. Puskala satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff for the Class.

### 1. Movant Has Filed A Complaint

On January 15, 2010, counsel for plaintiff published a notice of the pendency of plaintiff's case pursuant to § 21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Koss securities that they had until March 16, 2010, to file a motion to be appointed as lead plaintiff. Movant files the instant motion pursuant to his complaint and published notice, and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Ademi Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); s*ee Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115, at *2 (S.D. Cal. Nov. 5, 2001).

Here, Movant purchased Koss securities during the Class Period and, as a result, has suffered

financial losses of $6,388.83. *See* Ademi Declaration, Exhibit C. To the best of his knowledge, Movant believes that he has the largest known financial interest in this case of any timely lead plaintiff movant, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F.Supp.2d 1146, 1158 (N.D.Cal.,1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Oxford,* 182 F.R.D. at 49 ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004). Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and prospects of Koss. Movant, like all of the members of the Class, purchased Koss securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [T]he plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.

*Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228-229 (N.D.Ill. 2002). In this case, Movant has demonstrated his adequacy to serve as lead plaintiff; Movant commenced this action by filing the initial complaint, thus there is no evidence of any antagonism between Movant's claims and those of

the Class he seeks to represent; Movant has communicated with competent, experienced counsel concerning this case and, moreover, Movant has sustained a significant financial loss from his investment in Koss securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Ademi Declaration, Exhibit C.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered a financial loss from his purchase of Koss securities and believes that he has the largest known financial interest in this case of any lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, David A. Puskala is presumptively the most adequate plaintiff, and should be appointed lead plaintiff for the Class. *See Maiden v. Merge Technologies, Inc.*, 2006 WL 3404777, *4 (E.D.Wis. 2006) ("Because [he] has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [Movant] is presumptively entitled to lead plaintiff status").

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

- 8 -

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* § 21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge*, 2006 WL 3404777, at *4. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, with Ademi & O'Reilly LLP as liaison counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Ademi Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

**IV.    CONCLUSION**

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing David A. Puskala as Lead Plaintiff, and (b) approving his choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, with Ademi & O'Reilly LLP as liaison counsel, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 16, 2010      **ADEMI & O'REILLY LLP**

By: /S/ SHPETIM ADEMI
Guri Ademi
gademi@ademilaw.com
Shpetim Ademi
sademi@ademilaw.com
David J Syrios
dsyrios@ademilaw.com
3620 East Layton Ave.

- 9 -

Cudahy, Wisconsin 53110
Telephone: (866) 264-3995
Facsimile: (414) 482-8001

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Movant and
Proposed Lead Counsel*