UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID A. PUSKALA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>KOSS CORPORATION, MICHAEL J. KOSS, and SUJATA ("Sue") SACHDEVA,<br><br>    Defendants. | Case No. 10-cv-00041-LA<br><br>Honorable Lynn Adelman<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 9, 2012, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 6, 2012 (the "Stipulation of Settlement"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed, all proceedings held herein, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings set forth in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the June 19, 2012 deadline pursuant to the Court's Order dated March 9, 2012.

3. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, David A. Puskala, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of effectuating this settlement only, this Court hereby finally certifies this Litigation as a class action on behalf of all persons or entities who purchased Koss securities between July 12, 2005, and December 21, 2009, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the

officers and directors of Koss at all relevant times, former Koss employee Julie Mulvaney, and beneficial and record owners of Koss securities who are members of their respective immediate families consisting of their respective spouses, parents, brothers, sisters and children and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, including individual notice to all Members of the Class who could be identified through reasonable effort and to all Persons entitled to such notices, constituted the best notice practicable under the circumstances, and said notices, including the proposed settlement set forth in the Stipulation of Settlement, fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the requirements of due process, and any other applicable law.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation of Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiff, the Class and each of the Class Members.  This Court further finds the settlement set forth in the Stipulation of Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Class Members and the Settling Defendants. Accordingly, the settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation of Settlement.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the June 19, 2012 deadline, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice by the Lead Plaintiff and the other Members of the Class, and as

against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members (other than those Persons or entities listed on Schedule 1 who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8. Upon the Effective Date, each of Settling Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class (except any Class Member who opts out of the settlement), Lead Plaintiff and counsel to Lead Plaintiff from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation.

9. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

10. Neither the Stipulation of Settlement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation of Settlement and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

14. Per the request of Lead Plaintiff, the Court hereby dismisses without prejudice and without costs all claims against Defendant Sujata Sachdeva.

15. The Court hereby **GRANTS** Lead Counsel attorneys' fees of 25% of the Settlement Fund and expenses in an amount of $11,739.86, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated among Lead Plaintiff's Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject

to the terms, conditions, and obligations of the Stipulation of Settlement and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

DATED: July 10, 2012

s/ Lynn Adelman
The Honorable Lynn Adelman
United States District Judge

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in

*David A. Puskala v. Koss Corporation, et al.*,
Case No. 10-cv-00041-LA

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the June 19, 2012, deadline pursuant to the Court's Order dated March 9, 2012:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| **NONE** | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |