UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID A. PUSKALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>KOSS CORPORATION, MICHAEL J. KOSS, and SUJATA ("Sue") SACHDEVA,<br><br>                    Defendants. | Case No. 10-cv-00041-LA<br><br>Honorable Lynn Adelman |

**ORDER AUTHORIZING DISBURSEMENT
OF THE NET SETTLEMENT FUND**

WHEREAS:

1. The claims administrator and Lead Counsel in the above-captioned Litigation have completed the administration of the Settlement Fund and the consideration of the admissibility of each of the claims submitted. As such, the Heffler Claims Group ("Claims Administrator" or "Heffler"), along with Lead Counsel, are prepared, with the approval of the Court, to distribute the proceeds of the Settlement in this Litigation.

2. On July 10, 2012, the Court entered a Final Judgment and Order of Dismissal with Prejudice, which, *inter alia*, approved the Plan of Allocation of Settlement proceeds ("Final Judgment;" DE 73). The Court retained jurisdiction over the Litigation for all matters relating to the consummation of the Settlement. Final Judgment at ¶ 11.

3. As set forth in the Notice of Proposed Settlement of Class action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") (DE 71, Exhibit 1, at Exhibit A), the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was August 6, 2012. Notice at p. 2.

4. As reflected in the Affidavit of Edward J. Sincavage in Support of Lead Plaintiff's Distribution Plan for the Net Settlement Fund ("Sincavage Affidavit"), partner and CPA of Heffler Claims Group filed on April 11, 2013, the process of reviewing all claims has been completed.

5. Lead Counsel now seeks authorization to distribute the Net Settlement Fund to Authorized Claimants.

6. The Court has reviewed the Motion for an Order Authorizing Distribution of the Net Settlement Fund, the Sincavage Affidavit, and all other exhibits and papers submitted in support thereof, and good cause appears for the relief requested.

THEREFORE, IT IS HEREBY ORDERED, as follows:

1. All timely valid claims of Class Members (the "Authorized Claimants") identified in the list of Authorized Claimants, attached as Exhibit C to the Sincavage Affidavit, are approved for payment from the Net Settlement Fund;

2. All claims that the Claims Administrator has determined were submitted after the August 6, 2012, deadline for filing claims, but are otherwise valid and in compliance with the requirements for submitting valid proofs of claim as set forth in Exhibit C to the Sincavage Affidavit, are approved for payment from the Net Settlement Fund, and any claim submitted after March 31, 2013, is and will be rejected;

3. All claims that the Claims Administrator has determined are not acceptable for payment, as set forth in Exhibit D to the Sincavage Affidavit, are disallowed and shall not be paid;

5. The anticipated future fees and costs for administration of the Settlement, incurred by and payable to Heffler, in the amount of $17,083.16, as set forth in Exhibit E to the Sincavage Affidavit shall be reserved for payment and paid from the Net Settlement Fund;

6. All distribution checks to Authorized Claimants shall bear the notation "Cash Promptly, Void and Subject to Re-Distribution if Not Cashed within 90 Days After Issue Date";

7. Any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants are barred. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund, are released from any claims arising out of their involvement;

8. In order to facilitate the efficient distribution of the Net Settlement Fund, no claim received on or after March 31, 2013 may be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after March 31, 2013;

9. Any funds remaining in the Net Settlement Fund six months after the initial distribution, shall be re-distributed, if cost-effective, with such remainder to be allocated to pay any remaining costs of claims administration and then to Authorized Claimants who have cashed their payments without further order from the Court; and if not cost-effective, the balance of the Net Settlement Fund shall be donated to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel without further order from the Court; and

10. The Claims Administrator shall be permitted to destroy claim forms and records in paper form one year after final distribution and destroy claim forms and records in electronic form three years after final distribution.

SO ORDERED this 8th day of May 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge